IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SELBY, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| vs. | : | NO. 14-4904 |
| | : | |
| MICHAEL WENEROWICZ, et al., | : | |
|     Respondents | : | |

## O R D E R

**AND NOW,** this 29th day of February, 2016, upon consideration of Charles Selby's petition for writ of *habeas corpus* and the record herein, and after careful review of the thorough and well-reasoned Report & Recommendation of M. Faith Angell, United States Magistrate Judge, IT IS HEREBY ORDERED that:

    1.    After *de novo* review, the petitioner's objections are OVERRULED.[1]

---

[1] The petitioner brings two claims in his petition for writ of *habeas corpus*. First, he brings a claim for ineffective assistance of trial counsel, claiming that trial counsel filed and litigated a timely motion to suppress, but allowed the petitioner to be tried and convicted without having obtained a ruling on the motion, thereby allowing the petitioner to be convicted with evidence that was unlawfully obtained. Second, the petitioner brings a claim for the denial of due process of law, arguing that he has a constitutional right not to be tried with use of evidence unlawfully obtained, and a constitutional right to a process and procedure to litigate and adjudicate the suppression of unlawfully obtained evidence. Both of these claims are meritless.

The petitioner first objects to the Report & Recommendation's handling of his ineffective assistance of counsel claim. As indicated by Judge Angell, the Superior Court of Pennsylvania found the ineffectiveness of counsel issue waived, which rendered the claim here procedurally defaulted. I note that this procedural default cannot be excused because the petitioner has failed to show cause for the default and resultant prejudice, and because he failed to demonstrate that the failure to consider this claim would result in a fundamental miscarriage of justice. Further, Judge Angell properly determined in the alternative that even if the claim were not defaulted, she would still not find counsel ineffective because the state courts had concluded that a decision regarding the motion to suppress had, in fact, been made; and because no prejudice was pleaded or found. Finally, as Judge Angell found, the state courts neither contradicted nor unreasonably applied the federal Strickland standard. Thus, Judge Angell properly found that, even if it were not procedurally defaulted, this claim did not warrant *habeas* relief.

    2.    The petition for writ of *habeas corpus* is DENIED and DISMISSED without an evidentiary hearing.

    3.    There is no probable cause to issue a certificate of appealability.

The Clerk of Court is directed to mark this case CLOSED for all purposes.

BY THE COURT:


*s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

---

The petitioner next objects to the Report & Recommendation's handling of his due process claim. Judge Angell found that the record reveals that the petitioner was, indeed, afforded a full and fair opportunity to litigate a Fourth Amendment claim. The petitioner questions, however, how this finding is possible when the record is devoid of an actual decision on his motion to suppress. Upon *de novo* review, I find, as did Judge Angell, that this claim was never fairly presented to the state courts, and is thus unexhausted and procedurally defaulted. The record does not support a finding of cause and prejudice or a miscarriage of justice regarding this procedural default. Even if the claim were not defaulted, I would also find that the petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim. He was permitted to file and litigate a motion to suppress. A hearing was held on the motion. And, counsel was given an opportunity to submit supplemental briefs. As properly pointed out by Judge Angell, however, alleged violations of the Fourth Amendment do not provide grounds for federal *habeas corpus* relief when the state afforded a petitioner a full and fair opportunity to litigate his claim. See Stone v. Powell, 428 U.S. 465 (1976). Thus, if this claim were properly before me, federal *habeas corpus* relief could not be awarded.